FILED

98 OCT 19 PM 1:58

U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KITTIE LAPERRIERE, on behalf of herself and all others similarly situated, | } } } } | |
| Plaintiffs | } } | CIVIL ACTION NO. |
| vs. | } } } | 98-AR-1407-S |
| VESTA INSURANCE GROUP, INC., ET AL., | } } } | |
| Defendants | } } | |
| LEON KUTCHER, on behalf of himself and all others similarly situated, | } } } } | CIVIL ACTION NO. |
| Plaintiffs | } } | 98-P-1413-S |
| vs. | } } | |
| VESTA INSURANCE GROUP, INC., ET AL., | } } } | |
| Defendants | } } | |
| JAMES BRANNON, individually and on behalf of all others similarly situated, | } } } } | CIVIL ACTION NO. |
| Plaintiffs | } } | 98-C-1429-S |
| vs. | } } | |
| VESTA INSURANCE GROUP, INC., ET AL., | } } } | |
| Defendants | } | |

ENTERED

OCT 19 1998



1

```
DAVID LABARRE, on behalf of him-    )
self and all others                 )    CIVIL ACTION NO.
similarly situated,                 )
                                    )    98-C-1430-S
        Plaintiffs                  )
                                    )
                                    )
        vs.                         )
                                    )
VESTA INSURANCE GROUP, INC.,        )
ET AL.,                             )
                                    )
        Defendants                  )
_____)
ROBIN PITTMAN, individually and     )
on behalf of all other similarly    )
situated,                           )    CIVIL ACTION NO.
similarly situated,                 )
                                    )    98-N-1440-S
        Plaintiffs                  )
                                    )
                                    )
        vs.                         )
                                    )
VESTA INSURANCE GROUP, INC.         )
ET AL.,                             )
                                    )
        Defendants                  )
_____)
RICHARD S. ROCHE, individually      )
and on behalf of all others         )    CIVIL ACTION NO.
similarly situated,                 )
                                    )    98-TMP-1444-S
        Plaintiffs                  )
                                    )
                                    )
        vs.                         )
                                    )
VESTA INSURANCE GROUP, INC.,        )
ET AL.,                             )
                                    )
        Defendants                  )
_____)
```

```
KARL ANDERSON, on behalf of      )
himself and all others           )   CIVIL ACTION NO.
similarly situated,              )
                                 )   98-B-1491-S
        Plaintiffs               )
                                 )
        vs.                      )
                                 )
VESTA INSURANCE COMPANY, INC.,   )
ET AL.,                          )
                                 )
        Defendants               )
_____)
JOSEPH E. KOVACS, on behalf of   )
himself and all others           )   CIVIL ACTION NO.
similarly situated,              )
                                 )   98-B-1519-S
        Plaintiffs               )
                                 )
        vs.                      )
                                 )
VESTA INSURANCE COMPANY, INC.,   )
ET AL.,                          )
                                 )
        Defendants               )
_____)
BRENT J. SORRENTINO, on his own  )
behalf and on behalf of all      )   CIVIL ACTION NO.
others similarly situated,       )
                                 )   98-P-1553-S
        Plaintiffs               )
                                 )
        vs.                      )
                                 )
VESTA INSURANCE COMPANY, INC.,   )
ET AL.,                          )
                                 )
        Defendants               )
_____)
```

| | |
|---|---|
| LEON J. FIEGEL, IRA, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs<br><br>    vs.<br><br>ROBERT Y. HUFFMAN, ET AL.<br><br>    Defendants | )<br>)  CIVIL ACTION NO.<br>)<br>)  98-JEO-1650-S<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| RICHARD M. SULLIVAN, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs<br><br>    vs.<br><br>VESTA INSURANCE GROUP, INC., ET AL.,<br><br>    Defendants | )<br>)  CIVIL ACTION NO.<br>)<br>)  98-C-1735-S<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| RUTH GOLD, on behalf of herself and all others similarly situated,<br><br>    Plaintiffs<br><br>    vs.<br><br>VESTA INSURANCE GROUP, INC., ET AL.,<br><br>    Defendants | )<br>)  CIVIL ACTION NO.<br>)<br>)  98-S-1761-S<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

4

```
KENSINGTON CAPITAL MANAGEMENT,  )
on behalf of itself and all     )    CIVIL ACTION NO.
others similarly situated,      )
                                )    98-TMP-1898-S
     Plaintiffs                 )
                                )
     vs.                        )
                                )
VESTA INSURANCE GROUP, INC.,    )
ET AL.,                         )
                                )
     Defendants                 )
_____)
ALVIN M. SHOEHIGH, on behalf of )
himself and all others similarly)    CIVIL ACTION NO.
situated,                       )
                                )    98-P-2441-S
     Plaintiffs                 )
                                )
     vs.                        )
                                )
VESTA INSURANCE GROUP, INC.,    )
ET AL.,                         )
                                )
     Defendants                 )
```

## MEMORANDUM OPINION

The court has for consideration the following motions:

1. Motions to consolidate the above-captioned cases. Although the court finds no such motion embracing *Shoehigh, etc. v. Vesta Insurance Group, Inc., et al.*, CV 98-P-2441-S, because the said case cannot be logically distinguished or separated in the event the other cases are consolidated, the court will, *sua sponte*, deem the said case a subject for consolidation.

2. Competing motions for the designation of lead plaintiffs

for the purposes of deciding which group of plaintiffs is best suited to pursue class action determination and to select lead counsel.

   3.   Motions of defendant, R. K. Ritchey ("Ritchey"), in CV 98-B-1491-S and CV 98-S-1761-S to dismiss the said two actions. Ritchey is not a defendant in any of the other above-captioned cases.

The only reason this court has not already consolidated these cases is that the court wanted to have fully briefed and argued the issue of which of the plaintiff groups should become the lead plaintiffs. Also, Ritchey, who opposes consolidation, logically wants his motions to dismiss ruled upon before he is swept into the maelstrom.

Ritchey's motions are due to be granted. The court agrees with the brief filed by Ritchey that the allegations of the complaints in CV 98-B-1491-S and CV 98-S-1761-S are insufficient to meet the stringent test of Rule 9(b), F.R.Civ.P., as reenforced by the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4. An excellent analysis of the pleading requirements for fraudulent misrepresentation in security cases (as contrasted to market manipulation, not here alleged) is found in *Gupta v. Terra Nitrogen Corp.*, 10 F. Supp. 2d (N.D. Ohio 1998), decided on July 17, 1998. This court agrees with Judge Gwin's analysis in *Gupta*, as well as with Ritchey's brief. The Clerk is directed to file the briefs of

the parties in support of and in opposition to Ritchey's motions. Ritchey's motions will be granted by separate order.

The motions to consolidate will be granted by separate order.

The motions to designate lead plaintiffs have proven troubling. The contending parties are so well represented as against each other that either group would, in the opinion of this court, provide more than adequate representation against the defendants. They both have their merits and their demerits. The Securities and Exchange Commission has filed an excellent memorandum brief on the side of the so-called Florida Group and have supplemented its brief after the so-called Vesta Group responded. The court is unable and/or unwilling to decide between the competing plaintiff groups and therefore will do the unprecedented and declare a tie to be resolved by the tossing of a coin. This court finds that the solution arrived at by Judge Brieant in *In re Oxford Health Plans, Inc. Securities Litigation*, ___ F.R.D. ___, 1998 WL 400741 (S.D. N.Y.), namely to appoint two institutional investors and a group of major investors as co-lead plaintiffs, with each exercising a sizeable equal vote, is unsatisfactory. A separate coin-tossing order will be entered.

DONE this 19th day of October, 1998.

*William M. Acker*
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE